■ In the Matter of the Accounting of WILLIAM P. CURRAN, as Exeuctor of BECKY HAYES, Deceased, Respondent. JAMES H. HICKS, Appellant.— REYNOLDS, J. Appeal from a decree of judicial settlement of the Surrogate's Court, Ulster County, dismissing appellant's claim against the estate and directing distribution of the balance of the assets of the estate pursuant to the terms of the decree. On or about December 17, 1963 appellant filed a notice of claim for $1,865 for services allegedly rendered the decedent. Unaccountably, although it was dated prior to his filing of his petition and final accounting for a judicial settlement, the executor did not serve the formal rejection of the claim in writing required by section 210 of the Surrogate's Court Act until after such filing, and thus pursuant to section 210 the claim was "deemed an allowed claim". When this was discovered the Surrogate allowed two residuary legatees to file an objection to the allowance of the claim pursuant to section 211 of the Surrogate's Court Act, noting that since there had been a failure of compliance with section 210 the burden of establishing the invalidity of the claim was on the residuary legatees. After a trial of the issue the Surrogate dismissed the claim. Appellant's position both below and here is that once the claim was "deemed an allowed claim" by failure of compliance with section 210 its validity was established absolutely unless pursuant to section 211 "the claim was improperly allowed or fraudulently or negligently paid" which he asserts is not the case here. Appellant's position is that now the estate's only recourse is to seek to effect a surcharge of the executor. We cannot agree with appellant's construction of the statutes involved. While there is a certain absoluteness about the language of section 210, it is clear from the legislative history that the revision of section 210 was designed to require a prompt written notice of the allowance or rejection of a claim and to provide only that if no notice of rejection was filed prior to the filing of the fiduciary's account the claim was to be considered prima facie valid. (Second Report of Temporary State Commission on the Modernization, Revision and Simplification of Law of Estates, Legis. Doc., 1963, No. 19, pp. 28, 364.) Similarly, it is also clear that under section 211 parties adversely affected may file objections to any improperly allowed claims (Second Report of

Temporary State Commission on the Modernization, Revision and Simplification of Law of Estates, Legis. Doc., 1963, No. 19, pp. 28, 364–365). It would be a patently absurd result to hold that an objection could be raised to an improper claim that was formally allowed by the executor but not a claim which was " deemed allowed " because of a failure of compliance with section 210. Thus, the Surrogate's actions in permitting objections to the allowance of appellant's claim was proper, and since there is no dispute as to the validity of the claim, the decree should be affirmed. Decree affirmed, with costs to the estate against appellant. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.